Filed 11/24/14  P. v. Vest CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES VEST,<br><br>    Defendant and Appellant. | B250811<br><br>(Los Angeles County<br>Super. Ct. No. BA407256) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara R. Johnson, Judge.  Affirmed in part, reversed in part and remanded with directions.

Robert Booher, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Timothy M. Weiner and Stephen D. Matthews, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant James Vest was convicted of second degree robbery (Pen. Code, § 211[1]) and indecent exposure (§ 314), following a jury trial. The court found true the further allegations that defendant had previously been convicted of two serious and/or violent felonies (§§ 1170.12, subd. (b)(2)(A), 667, subd. (a)(1)). On August 16, 2013, defendant was sentenced to 35 years to life on the second degree robbery conviction, which included two five-year enhancements pursuant to section 667, subdivision (a)(1), and a concurrent term of six months on the indecent exposure conviction. He was awarded 203 days of actual custody credit and 203 days of conduct credit. Defendant contends substantial evidence does not support the second degree robbery verdict and the court's failure to instruct on petty theft, a lesser included offense of robbery, was prejudicial error. Respondent contends, and defendant concedes, the sentence should be modified to reflect the limitation on local conduct credit for serious or violent felonies. We conclude substantial evidence supports the second degree robbery verdict and defendant waived the contention that a petty theft instruction should have been given. We vacate the trial court's calculation of defendant's conduct credit, recalculate the conduct credit, remand with directions, and, in all other respects affirm the judgment.

## FACTS

1. *Prosecution case.*

On January 24, 2013, Maribel Piedra was at work as a cashier in the convenience store of a gas station on Adams and La Brea. She sat at the window in a glass-enclosed cashier's booth. Defendant hung around outside, asking people for money. He took pictures of Piedra with his cell phone, and, when she told him to stop, he left. Returning minutes later, defendant entered the store and persuaded Piedra to open the door of the booth by stating he had something important to tell her. When Piedra opened the door, defendant reached in and punched her in the face with a closed fist. Frightened, she quickly shut the door, which locked. Defendant stepped out of the store for a few moments, returned, and tried to pry the door open. Piedra panicked, because she believed

---

[1] All further references are to the California Penal Code unless otherwise specified.

he might kill her or hit her again if he gained access to the booth. She called 911. Defendant pulled out his penis, and masturbated in front of her while talking to her, which made her feel very frightened. He then went to the cooler and grabbed four alcoholic beverages. Stating "I'm going to take these" or "it's mine," he left the store with the drinks without paying for them. Piedra was too frightened of defendant to leave the booth and try to stop him. The entire incident took less than one and a half minutes.

2. *Defense case.*

No defense evidence was presented.

## DISCUSSION

1. *Substantial evidence.*

Defendant contends substantial evidence does not support the finding that he formed the intent to commit theft before or at the time he used force or fear. We disagree with the contention.

"The applicable standard of review is well settled: ' "To determine the sufficiency of the evidence to support a conviction, an appellate court reviews the entire record in the light most favorable to the prosecution to determine whether it contains evidence that is reasonable, credible, and of solid value, from which a rational trier of fact could find the defendant guilty beyond a reasonable doubt." ' [Citations.] ' " 'If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment.' " ' [Citation.] The standard of review is the same when the prosecution relies mainly on circumstantial evidence." (*People v. Valdez* (2004) 32 Cal.4th 73, 104.) "The federal standard of review is to the same effect: Under principles of federal due process, review for sufficiency of evidence entails not the determination whether the reviewing court itself believes the evidence at trial establishes guilt beyond a reasonable doubt, but, instead, whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Citation.]" (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.)

3

"Robbery is defined as the taking of personal property of some value, however slight, from a person or the person's immediate presence by means of force or fear, with the intent to permanently deprive the person of the property. (§ 211; *People v. Harris* (1994) 9 Cal.4th 407, 415.) To support a robbery conviction, the evidence must show that the requisite intent to steal arose either before or during the commission of the act of force. (*People v. Morris* [(1988)] 46 Cal.3d [1,] 19.) '[I]f the intent arose only after the use of force against the victim, the taking will at most constitute a theft.' (*Ibid*.) The wrongful intent and the act of force or fear 'must concur in the sense that the act must be motivated by the intent.' (*People v. Green* (1980) 27 Cal.3d 1, 53; see § 20; Hall, General Principles of Criminal Law (2d ed. 1960) pp. 185-190.)" (*People v. Marshall* (1997) 15 Cal.4th 1, 34.) " '[T]he intent required for robbery . . . is seldom established with direct evidence but instead is usually inferred from all the facts and circumstances surrounding the crime.' [Citation.]" (*People v. Abilez* (2007) 41 Cal.4th 472, 506-507.)

The evidence here is sufficient to establish the necessary concurrence of intent to steal personal property and the acts of force or fear. Defendant used force and fear when he punched Piedra, tried to pry open the booth door, and masturbated while addressing her. Piedra was too frightened of defendant by his use of force and fear to leave the booth to try to stop defendant from stealing the beverages. Defendant was panhandling for money before entering the store, immediately upon entering tried to gain entry into the cashier's booth, and, when unable to get into the booth, stole beverages from the cooler. The entire incident took place in less than a minute and a half. From the foregoing, it is reasonable to infer that defendant's use of force and fear was with the intent to steal something of value from the store and that his intent to steal arose before, and continued during, his use of force and fear. We conclude the record contains ample evidence defendant used force or fear with the intent to accomplish theft.

### 2. *Lesser included offense instruction.*

Defendant contends the court had a duty to instruct the jury on petty theft, a lesser included offense of robbery,[2] despite his objection he did not want the instruction. As any error was invited error, the contention was waived.

After defendant reviewed the court's jury instructions, the following colloquy took place. "The Court: . . . I've asked [defendant] if he has reviewed the jury instructions, and he's indicated that he has an objection to the jury being allowed to consider petty theft, a lesser included offense. [¶] And you're saying what? [¶] The Defendant: I don't want them to deliberate on a lesser included offense on a robbery. I want them to deliberate on a robbery charge. [¶] The Court: So you're saying all or nothing? [¶] The Defendant: All or nothing. [¶] The Court: If they find you not guilty on the robbery, you don't want them to go to whether or not you're guilty or not on the petty theft, a misdemeanor? [¶] The Defendant: Yes, ma'am. [¶] The Court: Okay. That's your right. anything else? [¶] The Defendant: That's about it. [¶] The Court: Okay. We're taking out 3517.[3] Any other jury instructions? [¶] The Defendant: No, your Honor. [¶] The Court: All right. The following jury instructions will be given. . . . [¶] The Defendant: Did you take out 3515 [*sic*]? [¶] The Court: 3517. Yes, the lesser included. . . . [¶] The Defendant: All right."

"On appeal, we review independently the question whether the trial court improperly failed to instruct on a lesser included offense." (*People v. Souza* (2012) 54 Cal.4th 90, 113.)

Where a defendant objects at trial to a lesser included offense instruction, aware the court will give the instruction if he does not object, and defendant has a "deliberate tactical purpose" for the objection, knowing he has the choice of having the instruction or

---

[2]    Petty theft is committed when personal property of another is stolen and the value of the property is equal to or less than $950. (§§ 484, subd. (a), 487, subd. (a), 488.)

[3]    CALCRIM No. 3517 instructs the jury on deliberation and completion of verdict form when a lesser included offense is not separately charged.

not having it, we need not decide the contention the lesser included offense instruction should have been given, because any error was invited. (*People v. Cooper* (1991) 53 Cal.3d 771, 827-831 (*Cooper*) [error is invited if a conscious tactical choice was made].) (Accord, *People v. Prince* (2007) 40 Cal.4th 1179, 1264; *People v. Souza*, *supra*, 54 Cal.4th at p. 114 [the "tactical request presents a bar to consideration of the issue on appeal"].)

" 'The obligation to instruct on lesser included offenses exists even when as a matter of trial tactics a defendant not only fails to request the instruction but expressly objects to its being given." ' (*People v. Breverman* (1998) 19 Cal.4th 142, 154, quoting *People v. Sedeno* (1974) 10 Cal.3d 703, 715-716, citing *People v. Mosher* (1969) 1 Cal.3d 379, 393.) [¶] Nevertheless, the claim may be waived under the doctrine of invited error if trial counsel both ' "intentionally caused the trial court to err" ' and clearly did so for tactical reasons. [Citation.] Invited error will be found, however, only if counsel expresses a deliberate tactical purpose in resisting or acceding to the complained-of instruction. (*People v. Cooper* (1991) 53 Cal.3d 771, 830 . . . ; *People v. Wickersham* (1982) 32 Cal.3d 307, 332 . . . , disapproved on other grounds in *People v. Barton* (1995) 12 Cal.4th 186, 201.)" (*People v. Souza*, *supra*, 54 Cal.4th at p. 114.)

In *Cooper,* counsel objected to instructions on second degree murder, a lesser included offense of first degree murder " 'in order not to encourage a compromise verdict.' " (*Cooper*, *supra*, 53 Cal.3d at p. 826.) The Supreme Court found that "the record in this case is sufficient to resolve [the question whether counsel's objection was founded on 'strategy, ignorance, mistake or trust'] with confidence. We know counsel believed it was in his client's interest not to have the second degree murder instructions. We know counsel was aware the court would give the instructions if he did not object. We know counsel was aware his actions would, and did, cause the court not to give instructions it otherwise would have given. . . . 'The issue centers on whether counsel deliberately caused the court to fail to fully instruct . . . .' [Citation.] This record shows that counsel did." (*Id.* at pp. 830-831.)

6

The record in this case shows that any error by the court in failing to instruct on petty theft was invited. There is evidence defendant believed it was in his interest not to have the petty theft instruction, expressed a deliberate tactical purpose, knew he had the choice of having or not having the instruction given, was aware the court would give the instruction if he did not object, and was aware his objection would, and did, cause the court not to give the instruction it otherwise would have given. (See *Cooper*, *supra*, 53 Cal.3d at pp. 830-831.) Defendant's statement he did not want the court to give the lesser included offense charge because he wanted the jury's decision to be all or nothing shows defendant objected to the instruction for a tactical reason and expressed his tactical purpose to the court. The facts that he read the instructions, the court told him he had the right to choose whether the jury would be given the lesser included offense instruction, the court deleted the instruction when he objected to it, and he affirmatively confirmed the court deleted the instruction, show defendant knew he had a choice to have or not have the court give the instruction, knew the court would give the instruction if he did not object, and knew his objection would, and did, cause the court not to give the instruction. Thus, the record shows defendant invited any error. Accordingly, defendant's objection to the instruction bars consideration of his contention on appeal.

3. *Conduct credits.*

Respondent contends the court miscalculated defendant's conduct credit by failing to apply the limitation on credit available for serious or violent felonies in section 2933.1, subdivision (c). Defendant concedes the error. We agree with respondent's contention.

7

"Section 2933.1, subdivision (c), provides that 'the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail [or other local facility] following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of *the actual period of confinement* for any person [who is convicted of a felony offense listed in subdivision (c) of Section 667.5].' (Italics added.) Thus, a person who spends time in presentence (including pretrial) confinement and is eventually convicted of a violent offense may earn, as a credit against his prison sentence, no more than 15 percent of the actual time he spent in presentence confinement, regardless of the offenses for which he was charged." (*In re Reeves* (2005) 35 Cal.4th 765, 774, fn. omitted; accord, *People v. Cooper* (2002) 27 Cal.4th 38, 40.) "[T]he sentencing court [is] to award credits for all days in custody up to and including the day of sentencing." (*People v. Smith* (1989) 211 Cal.App.3d 523, 527.)

We conclude the trial court erred in setting defendant's conduct credit at 203 days. The 15 percent limitation provided in section 2933.1, subdivision (c) applies to defendant, because he was convicted of second degree robbery (Pen. Code, § 211), an offense listed in section 667.5, subdivision (c). (§§ 2933.1, subd. (c), 667.5, subd. (c)(9).) As nothing in the record suggests defendant is not allowed the full amount of conduct credit for time spent in local custody prior to the commencement of his state prison sentence, we should calculate his conduct credit. (See *In re Marquez* (2003) 30 Cal.4th 14, 25.) Defendant accrued 30 days of conduct credit for the 203 days he spent in local custody prior to the date he was initially sentenced.[4] Accordingly, judgment must be corrected to reflect that defendant accrued 30 days of local conduct credit.

---

[4] Thirty days is 15 percent of the 203 days defendant was in custody from arrest to sentencing. (See *People v. Ramos* (1996) 50 Cal.App.4th 810, 815 [the calculation is "the largest whole number of days [that does] not exceed 15 percent"].)

## DISPOSITION

The award of 203 days of local conduct credit is reversed. The matter is remanded to the trial court with directions to correct the judgment to reflect, pursuant to section 2933.1, subdivision (c), that defendant accrued 30 days of local conduct credit. The trial court is directed to prepare and forward to the Department of Corrections and Rehabilitation a modified abstract of judgment consistent with this opinion. In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, J.*

We concur:

KLEIN, P. J.

KITCHING, J.

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9